**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CO-INVESTOR, AG,

        Plaintiff,

  v.

FONJAX, INC.,

        Defendant.

No. C 08-01812 SBA

**ORDER**

[Docket No. 11]

### REQUEST BEFORE THE COURT

Before the Court is defendant FonJax, Inc.'s Motion to Dismiss (the "Motion") [Docket No. 11], plaintiff Co-Investor, AG's Memorandum in Opposition (the "Opposition") [Docket No. 17], and FonJax's Reply Memorandum (the "Reply") [Docket No. 18]. Defendant seeks a dismissal under Federal Rule of Civil Procedure 12(b)(6). The Court having reviewed the parties' pleadings finds this matter suitable for disposition without a hearing under Federal Rule of Civil Procedure 78(b). The Court DENIES the Motion with respect to all of Co-Investor's claims, except for its promissory estoppel claim, for which it GRANTS the Motion with leave to amend.

### BACKGROUND

The Complaint by Co-Investor seeks to preserve the preferred shareholder position of Co-Investor pursuant to the parties' contract, a multi-tranche November 30, 2006 Stock Purchase Agreement amended several times (collectively, the "SPA"), under which Co-Investor invested approximately $1.5 million for FonJax preferred stock.

The parties do not dispute that Co-Investor paid the principal and all interest due under the SPA and its amendments, but FonJax seeks to convert Co-Investor's preferred stock because of a delayed interest payment of $1,726 under the third tranche payment, which interest payment was a little over 0.1% of Co-Investor's investment in FonJax. Co-Investor timely made all other principle and interest payments under the SPA.

///

1 FonJax concluded after the delayed interest payment that all 2,011,486 shares of Co-Investor's preferred stock, 511,448 shares of which were acquired in an independent third-party transaction, automatically converted into 19,996 shares of nonassessable common stock. Co-Investor was not notified of the conversion when it occurred, nor were any shares of common stock delivered to Co-Investor.

According to Co-Investor, the conversion shifts it from majority preferred investor, to minority shareholder. Co-Investor asserts that its $1.5 million investment has been essentially lost.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007). Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences, however, are insufficient to defeat a motion to dismiss. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). If dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

In resolving a motion to dismiss for failure to state a claim, a court may review documents referenced in the pleadings, whose authenticity is undisputed, without transforming it into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123-24 (9th Cir. 2002). Further, a Court may take judicial notice as provided by Federal Rule of Evidence 201, at a party's request, without transforming a motion to dismiss into one for summary judgment. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 503 (9th Cir. 1986). On the other hand, if "matters outside the pleadings are presented to and not excluded by the" Court, a motion to dismiss "must be treated as one for summary judgment" and "[a]ll parties must be given a reasonable opportunity to present all

///

the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

## ANALYSIS

### I.     Breach of Contract

The Complaint alleges that FonJax breached the SPA by converting the preferred stock contrary to the parties' mutual intentions in contracting. Co-Investor asserts while its $1,726 interest payment was slightly delayed, it complied with the SPA by furnishing evidence of its wire transfers as required by the SPA, and timely made all other payments. *FonJax thus had no reason to invoke conversion.* Nor did it take required steps to properly convert Co-Investor's preferred shares, including amending FonJax's charter or issuing the common stock. Taking Co-Investor's allegations as true, the Court finds Co-Investor substantially performed.[1] *Thomas Haverty Co. v. Jones*, 185 Cal. 285, 288-89, 197 P. 105 (1921). Thus, Co-Investor has stated a claim for breach of contract, based on FonJax converting Co-Investor's 1,485,147 shares purchased under the SPA. *See Super. Motels, Inc. v. Rinn Motor Hotels, Inc.*, 195 Cal.App.3d 1032, 1051, 241 Cal.Rptr. 487 (1987).

Also at issue is the number of preferred Co-Investor shares that were subject to FonJax's conversion. Contrary to FonJax's assertions, the Court finds that section 7(a) of article IV of the Restated Certificate Amendment, which allows the conversion of "all" shares held by Co-Investor, does not include shares purchased *outside* of the SPA. Such an interpretation of the term "all" does not comport with the parties' mutual intentions at the time of contracting, based on the terms of the contract or their subsequent conduct. *See* Cal. Civ. Code §§ 1636-39, 1643; *Powerine Oil Co., Inc. v. Super. Ct.*, 37 Cal.4th 377, 390, 118 P.3d 589 (2005); *Crestview Cemetery Ass'n v. Dieden*, 54 Cal.2d 744, 752-53, 8 Cal.Rptr. 427 (1960). Nor would it be a reasonable interpretation. *Id.* Thus, Co-Investor has stated a claim for breach of contract, based on FonJax converting Co-

---

[1]     The Court does not find, however, that the contract was "divisible." *Lowy v. United Pac. Ins. Co.*, 67 Cal.2d 87, 91-92, 91 n.1, 60 Cal.Rptr. 225 (1967). It does find, however, that section 2.3 of the initial SPA provides for conversion if Co-Investor fails to timely purchase *either* the second or third tranche. Any other interpretation is unreasonable and illogical. *See* Cal. Civ. Code §§ 1636-39, 1643; *Powerine Oil Co., Inc. v. Super. Ct.*, 37 Cal.4th 377, 390, 118 P.3d 589 (2005).

Investor's 511,448 shares purchased from a third party.

## II.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Taking Co-Investor's allegations as true, FonJax violated the SPA's implied covenant of good faith and fair dealing by abusing the conversion provision in a way not reasonably contemplated by the contract or the parties.[2] *See* Cal. Civ. Jury Instr. 325; *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 818, 169 Cal.Rptr. 691 (1979); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1394-95, 272 Cal.Rptr. 387 (1990).  It also breached the covenant by keeping its breach of contract-conversion secret, by waiting four months to notify Co-Investor about the conversion, allowing Co-Investor during this time to make further tranche and interest payments, and preventing it from responding to FonJax's contract breach.  Also, to maintain secrecy, FonJax unreasonably and in bad faith failed to contact Co-Investor to exchange its preferred stock for common or to publicly file an amended Restated Certificate.  Nor did it act reasonably or in good faith by offering to allow Co-Investor to *repurchase* its position.[3]

## III.    Fraud and/or Deceit

Taking Co-Investor's allegations as true, FonJax committed intentional fraud and/or deceit, and fraud and/or deceit by omission, under sections 1527, 1709, and 1710 of the California Civil Code.  Co-Investor claims FonJax intentionally declined to notify Co-Investor that the tranche and interest payments made after the initial delayed interest payment were for common stock, believing that such a disclosure would have resulted in Co-Investor not making further payments or reacting protectively to FonJax's breach of contract.[4]  *See Hahn v. Mirda*, 147 Cal.App.4th 740, 748, 54 Cal.Rptr.3d 527 (2007).  Co-Investor also alleges FonJax made affirmative statements to this effect. In fact, however, post-conversion, Co-Investor could no longer *completely perform* and keep the

---

[2] Nor may FonJax argue conversion was automatically triggered by Co-Investor, and not by FonJax's action, as the Court's focus is on FonJax *invocation* of the conversion provision, which the allegations taken as true show to have been unreasonable and in bad faith.

[3] Contrary to Co-Investor's assertions, however, none of these actions, such as failing to provide notice, exchange shares, file documents, *et seq.*, are breaches of any express contract provisions.

[4] Because the allegations taken as true show FonJax breached by invoking conversion, it may not argue Co-Investor would have been in default had it not made its June and July note payments.

1 preferred stock it possessed, as the SPA required it to make *all* its payment in a timely manner to do
2 so.  *See Manderville v. PCG & S Group, Inc.*, 146 Cal.App.4th 1486, 1498, 55 Cal.Rptr.3d 59
3 (2007).

**IV.   Declaratory Judgment**

Under 28 U.S.C. § 2201(a) the Court has the discretion whether or not to entertain a claim for a declaratory judgment.  Under Federal Rule of Civil Procedure 57, "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."  When a court must adjudicate a monetary claim, such as breach of contract, and it is joined with a claim for declaratory relief, a district court should generally retain the latter.  *Gov. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998).  The Court will do so here.

**V.    Promissory Estoppel**

In California, facts giving rise to either a claim for breach of contract or a claim for breach of the implied covenant of good faith and fair dealing, or both, may not also give rise to a claim for promissory estoppel, as the former are predicated on a promise involving bargained-for consideration, while the latter is predicated on a promise predicated on reliance in lieu of such consideration.[5]  *Youngman v. Nev. Irrig. Dist.*, 70 Cal.2d 240, 249, 74 Cal.Rptr. 398, 449 P.2d 462 (1969); *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal.3d 665, 672-73, 111 Cal.Rptr. 693, 517 P.2d 1157 (1974) (discussing *Youngman*); *Walker v. KFC Corp.*, 728 F.2d 1215, 1218-20 (9th Cir. 1984) (same); *Patriot Scientific Corp. v. Korodi*, 504 F.Supp.2d 952, 968 (S.D. Cal. 2007) (same).  Thus, Co-Investor has not stated a claim for promissory estoppel.

**VI.   Unjust Enrichment**

FonJax seeks to dismiss this claim solely on the ground it is predicated on the same allegations underlying the other claims, which should all be dismissed.  As the Court has not dismissed all the other claims, FonJax failed to meet its burden of persuasion on this claim.

///

---

[5]  There could be cases where based on *distinct* facts, a plaintiff could state a claim for breach of contract and promissory estoppel, even if *some* the facts supported both claims.  This, however, is not one those cases.

5

///

## CONCLUSION

Accordingly, the Court DENIES in part and GRANTS in part with leave to amend defendant FonJax, Inc.'s Motion to Dismiss (the "Motion") [Docket No. 11].  Specifically, the Court DENIES the Motion with respect to plaintiff Co-Investor's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional and omissive fraud and/or deceit, declaratory judgment, and unjust enrichment under California law.  The Court GRANTS the Motion with respect to Co-Investor's claim for promissory estoppel, but with leave to file a First Amended Complaint on or before 20 days from the date of the entry of this Order.  The Court notes Co-Investor may only amend with regards to its claim for promissory estoppel.

IT IS SO ORDERED.

September 22, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge