1  JORDAN J. YUDIEN, ESQ., SBN 121182
   YUDIEN & ASSOCIATES
2  500 Ygnacio Valley Road, Suite 300
   Walnut Creek, California  94596
3  Tel:  (925) 472-0600
   jodyjay@pacbell.net
4
   Attorneys for Defendant Fonjax, Inc.
5

6

7                  UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 CO-INVESTOR AG,                    )   Case No. C08-01812 SBA
                                      )
11                        Plaintiff,  )   **FONJAX' RESPONSE TO CO-INVESTOR'S**
                                      )   **CROSS-MOTION TO DISMISS ITS LAWSUIT**
12 vs.                                )   **PURSUANT TO FRCP RULE 41**
                                      )
13 FONJAX, INC.,                      )
                                      )
14                       Defendant.   )
   _____)
15

16        Defendant FonJax, Inc. files this response to Co-Investor's motion to dismiss pursuant to

17 F.R.C.P. Rule 41(a)(2).

   **I.    CONDITIONS SHOULD BE IMPOSED UPON THE GRANT OF A DISMISSAL**
18        **WITHOUT PREJUDICE.**

19        FonJax submits that Co-Investor's motion to dismiss should be denied unless it is granted

20 either with prejudice[1] or without prejudice but subject to certain conditions.  In particular, FonJax

21 submits that if the motion to dismiss is to be granted without prejudice, the dismissal should be

22 conditioned upon Co-Investor's payment of FonJax' attorneys fees.  FonJax requests as a further

23 condition of dismissal without prejudice that the Court require that its findings and conclusions in

24 its Order Denying Plaintiff's Motion for Preliminary Injunction survive the dismissal and be binding

25 in any subsequent litigation between the parties in which the same issues are litigated.  The

26 _____

27        [1] Co-Investor seeks dismissal without prejudice and without imposition of sanctions.
   However, in order to avoid the imposition of attorney's fees as a condition of dismissal, Co-Investor
28 has requested in the alternative that the dismissal be with prejudice.  (Co-Investor MPA at p. 8, ll.
   17-20).

imposition of such conditions is authorized by Fed.R.Civ.P Rule 41(a)(2), which provides in pertinent part "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

### A.   AN AWARD OF ATTORNEYS FEES AS A CONDITION OF DISMISSAL WITHOUT PREJUDICE IS WARRANTED.

Co-Investor's suit against FonJax contains several inter-related claims for relief resulting from the same conversion of Co-Investor's preferred shares to common shares, and all of the claims are essentially variations of Co-Investor's claim for breach of the parties' Stock Purchase Agreement ("SPA") by FonJax.[2]  Section 8.13(a) of the SPA provides: "Notwithstanding any other provision herein, if any action at law or in equity is necessary to enforce or interpret the terms of this Agreement or the exhibits hereto, the prevailing party shall be entitled to reasonable attorneys' fees, costs and disbursements in addition to any other relief to which such party may be entitled."

As evident from the Court's previous ruling on Co-Investor's unsuccessful motion for preliminary injunction, the entirety of Co-Investor's suit has been directed to both the enforcement and interpretation of the terms of the SPA.  The attorney's fees provision of the SPA is therefore enforceable, and under the language of §8.13(a), the payment of attorney's fees to the prevailing party is mandatory.  Under California Code of Civil Procedure §1032 " 'Prevailing party' includes the party with a net monetary recovery, *a defendant in whose favor a dismissal is entered*, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (Emphasis added).  If Co-Investor's motion to dismiss its own complaint is granted, FonJax will be the "prevailing party" in this matter pursuant to C.C.P. §1032.[3]  C.C.P. §1033.5(a)(10)(B) provides that attorney fees are allowable as costs where, as here, they are provided for by contract.

---

[2] The complaint alleges claims for breach of contract, breach of the implied covenants of good faith and fair dealing, fraud, declaratory judgment, promissory estoppel and unjust enrichment. All of these claims survived FonJax' Rule 12(b)(6) motion to dismiss except the claim for promissory estoppel.

[3] Co-Investor's argument that it is the prevailing party because it survived a 12(b)(6) motion to dismiss makes no sense, and it is unsupported by any case law from any jurisdiction anywhere.

If the Court grants the motion to dismiss, particularly if the dismissal is without prejudice, then FonJax should be awarded its attorneys fees in addition to its costs.[4] An award of attorney's fees has been held to be an appropriate condition of dismissal under Rule 41(a)(2). *Lau v. Glendora Unified School District*, 792 F.2d 929 (9th Cir. 1986). "On granting a dismissal without prejudice, the court may, and typically does, condition the dismissal on plaintiff reimbursing defendants for costs and disbursements incurred." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (Rutter Group, Calif. & 9th Cir. eds.), ¶ 16:366; see also *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2)").

"The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees. *See* Fed.R.Civ.P. 41(a)(2); *Hamilton [v. Firestone Tire & Rubber Co.*], 679 F.2d [143] at 146 [(9th Cir.1982)]." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996).

This Court made clear in its earlier ruling on Co-Investor's motion for preliminary injunction that Co-Investor has no realistic chance of prevailing on the merits, stating "Given the plain language of the SPA, the Court finds that Co-Investor has little chance of prevailing on its claim that FonJax's conversion of Co-Investor's Preferred Stock constitutes a breach of the SPA." Order Denying Motion for Preliminary Injunction dated July 31, 2009 and filed on August 3, 2009 at pp. 8-9. Thus, this case is distinguishable from cases like *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919 (9th Cir. 1989), in which the court viewed the plaintiff's likelihood of prevailing on the merits of its suit as a factor that weighed against the imposition of attorneys fees as a condition of granting a Rule 41(a)(2) motion to dismiss. The fact that Co-Investor is likely to lose on the merits should weigh in favor of awarding fees to FonJax.

---

[4] In *Briles v. Loomis Group, Inc.*, 2009 WL 563048 (D. Or. 2009) (slip copy attached hereto), the defendant was successful in his request for attorneys fees as a condition of the plaintiff's Rule 41(a)(2) motion to dismiss, and the defendant was permitted to submit his documentation to support the amount of his fees and costs within ten (10) days of the court's order granting the motion to dismiss. FonJax requests that this Court follow a similar procedure.

While the Court has discretion to award attorneys fees as a condition of granting any Rule 41(a)(2) motion to dismiss, imposition of such a condition is particularly warranted where, as here, there is an attorneys fees clause in the parties contract which provides for an award of attorneys fees to the prevailing party.

**B.     FONJAX FURTHER REQUESTS THAT DISMISSAL BE CONDITIONED UPON A STIPULATION IN THE DISMISSAL ORDER THAT THE COURT'S FINDINGS AND CONCLUSIONS IN ITS ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WILL SURVIVE DISMISSAL AND BE BINDING IF RAISED IN A FURTHER ACTION ON THE SAME CLAIMS.**

In *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 221 (8th Cir. 1977), the court held that a Rule 41(a)(2) dismissal can be granted on the condition that particular determinations will survive dismissal and can be binding if raised in subsequent proceedings between the parties on the same claims.  If Co-Investor's motion is granted, FonJax requests that dismissal be conditioned upon a stipulation in the Court's order that its findings and conclusions in its Order Denying Plaintiff's Motion for Preliminary Injunction will survive the dismissal and be binding in any subsequent litigation between the parties on the same claims.

**C.     EVEN IF THE CO-INVESTOR COMPLAINT IS DISMISSED WITH PREJUDICE, THE DISMISSAL SHOULD STILL BE CONDITIONED UPON THE PAYMENT OF FONJAX' ATTORNEY'S FEES.**

FonJax has found no cases which address the right to attorneys fees following a Rule 41 motion to dismiss where there has been a dismissal with prejudice and there is either a statute or contract providing for an award of attorneys fees to the prevailing party.  FonJax submits that a dismissal of the Co-Investor complaint, even if done with prejudice, should not negate FonJax' right to recover its attorneys fees as a condition of the dismissal.  FonJax contends that this is so because in addition to its right to recover its attorney's fees under the "condition of voluntary dismissal" language of Rule 41(a)(2), its right to recover attorney's fees is further derived from the parties' contract, which makes it mandatory that the "prevailing party *shall* be entitled to reasonable attorneys' fees."  FonJax submits that under the mandatory language of the parties' contract, it is entitled to an award of its attorney's fees regardless of whether a dismissal is entered with or without prejudice.  See Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (Rutter Group, Calif. & 9th Cir. eds.), ¶ 16:368 ("Absent other authority for a fee award, attorney fees

cannot be awarded upon a dismissal with prejudice because there is no risk of further litigation.  The situation is the same if defendant had won at trial . . . in which event defendant would have to pay its own fees, ***absent statute or contract authority for fees.***")  Since there is a attorney's fees clause in the parties' contract, then if FonJax wins at trial, it would be the prevailing party entitled to recover its attorney's fees.  Accordingly, even if Co-Investor's motion to dismiss is granted with prejudice, FonJax remains entitled to its attorney's fees under the attorney's fees provision of the contract between FonJax and Co-Investor.

### D.    THE COURT LACKS DISCRETION TO DISMISS FONJAX' COUNTERCLAIM.

Co-Investor argues that the grant of its motion to dismiss its complaint will somehow moot Fonjax' Amended Counterclaim.  Thus, Co-Investor seeks entry of an order dismissing the action in its entirety.  (Co-Investor MPA at p. 6, ll. 17-19).  Co-Investor provides no explanation as to how or why Fonjax' Counterclaim would or should be rendered moot by the dismissal of the Co-Investor complaint. A dismissal without prejudice of the Co-Investor complaint would not be a determination of the suit on the merits; to the contrary, Co-Investor could immediately refile suit in California or in Delaware as it has threatened to do.  Thus, even if there is a dismissal without prejudice, the disputes between the parties will remain, and it is those very same disputes which FonJax seeks to have determined in its pending counterclaim for declaratory relief.  Thus, even in the face of a dismissal without prejudice of the Co-Investor complaint, the FonJax counterclaim for declaratory relief will continue to be a viable claim.

If, however, Co-Investor is somehow correct that the dismissal of its complaint would result in the dismissal of FonJax' counterclaim, then this means that Co-Investor's motion to dismiss its own complaint must be denied, since FonJax objects to the dismissal if it would result in the dismissal of its counterclaim.  "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Fed.R.Civ.P. 41(a)(2); see *Chamfer Eng., Inc. V. Tapco Int'l, Inc.*, 498 F.Supp. 129, 131 (S.D. Tex. 1980).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.**     **CONCLUSION**

For the foregoing reasons, regardless of whether Co-Investor's complaint is dismissed with or without prejudice, FonJax should be awarded its attorney's fees, either as a condition of dismissal under Rule 41(a)(2) or pursuant to the parties' contractual attorney's fees provision.  Further, a dismissal of Co-Investor's lawsuit does not provide a basis for dismissing FonJax' counterclaim. Therefore, any dismissal should only be entered as to Co-Investor's complaint and not as to the FonJax counterclaim.

Dated: March 24, 2010                    YUDIEN LAW FIRM


By: /s/ *Jordan J. Yudien*
JORDAN J. YUDIEN, ESQ.
Attorneys for Defendant FonJax, Inc.