RICHARD E. WALDEN (SBN 108646); rwalden@bslaw.net
LAURA G. BRYS (SBN 242100); laura@bslaw.net
BURRIS, SCHOENBERG & WALDEN, LLP
12121 Wilshire Blvd., Suite 800
Los Angeles, California 90025
tel (310) 442-5559 / fax (310) 442-0353
Counsel for Plaintiff, Co-Investor AG

SAMUEL D. LEVY (*pro hac vice*); samuel.levy@wg-law.com
WUERSCH & GERING LLP
100 Wall Street 21st Floor
New York, NY 10005
tel (212) 509-4713 / fax (212) 509-9559
Counsel for Plaintiff, Co-Investor AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CO-INVESTOR  AG, | Case No. C08-01812 (SBA) |
| Plaintiff, | Hon. Saundra B. Armstrong |
| vs. | PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION TO DISMISS THE LAWSUIT PURSUANT TO FRCP 41 |
| FONJAX, INC., | |
| Defendant. | |
| FONJAX, INC., | |
| Counterclaimant, | Hearing Date:  April 6, 2010 |
| vs. | Time:  1:00 p.m. Ctrm. 3 |
| CO-INVESTOR AG, | |
| Counterdefendant. | |

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION TO DISMISS THE LAWSUIT PURSUANT TO
FRCP 41

3077.001

Plaintiff Co-Investor AG ("Co-Investor") respectfully submits this Reply Memorandum of Points and Authorities in support of Co-Investor's February 9, 2010 Cross-Motion to Dismiss the Complaint pursuant to FRCP 41(a)(2) and in response to the March 24, 2010 Response to Plaintiff's Cross-Motion submitted by Defendant, FonJax, Inc. ("FonJax").

**Point I**

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 41(a)(2) BECAUSE CO-INVESTOR HAS NO INTEREST IN CONTINUING TO PURSUE THE LAWSUIT; FONJAX HAS NOT BEEN PREJUDICED; AND FONJAX IS NOT ENTITLED TO COLLECT LEGAL FEES UNDER THE SPA**

FonJax requests that the Complaint be dismissed:  (i) with prejudice; or (ii) if not dismissed with prejudice, then without prejudice conditioned upon the payment of attorneys' fees. (See FonJax's March 24, 2010 Response to Co-Investor's Cross-Motion to Dismiss Its Lawsuit Pursuant to FRCP Rule 41, p. 1).  As set forth in Co-Investor's February 9, 2010 Memorandum of Points and Authorities in Support of its Cross-Motion, Co-Investor accepts dismissal of the Complaint with prejudice ***but only*** if such dismissal is conditioned upon the non-imposition of the payment of attorneys' fees by Co-Investor.  This condition is because of the rule in the Ninth Circuit that a voluntary dismissal with prejudice is "sufficient to confer prevailing party status on the . . .defendants for those claims."  Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997); see Kona Enters. v. Estate of Bishop, 229 F.3d 877, 889 (9th Cir. 2000) ("Our circuit has similarly held that a voluntary dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for purposes of attorneys' fees awards") (citations omitted).  Thus, Co-Investor does not consent to a Rule 41 dismissal with prejudice such that the dismissal imposes on Co-Investor the imposition of attorneys' fees due to the implication of a disposition on the merits.

The only reason FonJax refuses to consent to a voluntary dismissal under FRCP 41(a)(1)(ii) is because it demands the payment of attorneys' fees by Co-Investor.  (See Levy Dec. ¶¶ 5-7 filed on February __, 2010).  But FonJax is not statutorily or contractually entitled to attorneys' fees because it is not at this stage of the lawsuit a "prevailing party" either under the SPA or under California law.  Under SPA § 8.13, attorneys' fees are warranted only when an

action of law *"is necessary to enforce or interpret the terms of this Agreement,"* and *"the prevailing party shall be entitled to reasonable attorneys' fees, costs, and disbursements in addition to any other relief to which such party may be entitled."* (See SPA § 8.13, Levy Dec. Ex. A). FonJax has not made a motion for attorneys' fees in accordance with FRCP 54(d)(2) or Local Rule 54, and is not a "prevailing party" under the SPA because FonJax has not prevailed on anything other than in preventing an injunction sought by Co-Investor, which is not an elevation to "prevailing party" status under the SPA. Indeed, the injunction application by Co-Investor dealt with the disposition of the Keynote Systems, Inc. acquisition proceeds and was not dispositive as to the underlying claims in the Complaint. Therefore, the application was <u>not</u> the equivalent of a disposition on the merits.

**A.    California Law and the Recovery of Attorneys' Fees**

Basic litigation cost rules under California law are outlined in the California Supreme Court's decision, <u>Santisas v. Goodin</u>, 17 Cal. 4th 599, 606 (1998): "Whether a party to litigation is entitled to recover costs is governed by Code of Civ. Proc. section 1032, which provides, in subdivision (b), that '[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.' For the purpose of determining entitlement to recover costs, Code of Civ. Proc. section 1032 defines 'prevailing party' as including, among others, 'a defendant in whose favor a dismissal is entered.' (Code of Civ. Proc., § 1032, subd. (a)(4).)" <u>Id.</u> at 606.

Under Code of Civ. Proc. § 1033.5(a)(10), attorney fees are allowable as costs under Code of Civ. Proc. § 1032 when authorized by contract, statute, or law. Code of Civ. Proc. § 1021 does not independently authorize recovery of attorney fees; rather, consistent with Code of Civ. Proc. § 1033.5(a)(10), § 1021 recognizes that attorneys' fees incurred in prosecuting or defending an action may be recovered as costs only when they are otherwise authorized by statute or the parties' agreement. <u>Id.</u> at 607 fn. 4. In this case, the parties contracted to award attorneys' fees under SPA § 8.13 only to the "prevailing party" in any litigation between the parties concerning interpretation or enforcement of the SPA. Thus, Code of Civ. Proc. § 1032 reverts to the SPA, invoking Cal. Civ. Code § 1717.

**B.** <u>FonJax Is Not a "Prevailing Party" Under the SPA or as Defined by California Law</u>

FonJax is not a *"prevailing party"* for purposes of recovering attorneys' fees under Cal. Civ. Code § 1717 because it has not prevailed in any dispositive matter invoking the merits about the enforcement or interpretation of the SPA. FonJax mistakenly refers to Cal. Civ. Proc. § 1032 to confer upon itself "prevailing party" status for the collection of attorneys' fees, but § 1032 covers the award of routine costs, not attorneys' fees in the context of a "prevailing party" in litigation.[1] Cal. Civ. Proc. § 1032 entitles a prevailing party to litigation costs, and attorneys' fees are an element of costs and awardable if authorized by statute or contract. Cal. Civ. Code 1033.5; see <u>Dowling v. Zimmerman</u>, 85 Cal. App. 4th 1400, 1431 (4th Dist. 2001). That is, attorneys' fees awarded under § 1717 of the Civil Code are allowable costs under Code of Civ. Proc. § 1032(a)(4). <u>Id.</u> Indeed, FonJax cannot circumvent § 1717 of the Civil Code in order to recover attorneys' fees under Code of Civ. Proc. § 1032. <u>Exxess Electronixx v. Heger Realty Corp.</u>, 64 Cal. App. 4th 698, 707 (2d Dist. 1998). FonJax must prove it is entitled to attorneys' fees under § 1717, but FonJax has not even briefed this point. In fact, Cal Civ. Code § 1717 does not even appear in FonJax's brief and is completely ignored!

If a contract provides for the prevailing party attorneys' fees, the fees are awardable as a contractual post-trial remedy. Two statutes authorize the award of attorneys' fees to successful litigants: (i) Cal. Civ. Proc. §1021 allows attorney fee awards to litigants when agreed upon; (ii) Cal. Civ. Code § 1717 awards the winning litigant attorneys' fees based upon a contractual agreement.[2]

<u>Heather Farms Homeowners Assn. Inc. v. Robinson</u>, 21 Cal.App.4th 1568 (1994) held that a trial court possessed the discretion to conclude there was no prevailing party following the

---

[1] Code Civ. Proc. § 1033.5 allows fees to be considered as costs in contract cases under § 1032, but it does not follow that § 1032 is the exclusive statute governing recovery of fees in contract actions. Section 1032 defines "prevailing party" only for the award of "costs" but does not purport to define it for other statutes. <u>Heather Farms Homeowners Assn. v. Robinson</u>, 21 Cal. App. 4th 1568, 1572 (1st Dist. 1994). The "prevailing party" for the award of costs under section 1032 is not necessarily the prevailing party for the award of attorneys' fees in contract actions under section 1717. <u>McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.</u>, 231 Cal. App. 3d 1450, 1456 (4th Dist. 1991).

[2] Cal. Civ. Code § 1717 preempts the Cal. Code of Civ. Proc. <u>MRW, Inc. v. Big-O Tires, LLC</u>, No. Civ. S-08-1732, 2010 U.S. Dist. LEXIS 9619 at *11 (E.D. Cal. Jan. 14, 2010).

plaintiff's voluntary dismissal of the complaint.  The statute at issue in <u>Heather Farms</u> provided for attorneys' fees and costs to the prevailing party in an action to enforce covenants governing a residential planned unit development.  After the plaintiff voluntarily dismissed the complaint pursuant to a settlement agreement, the defendant moved for fees and costs under the statute at issue, and the defendant argued that as a party in whose favor a dismissal had been entered (Code Civ. Proc. § 1032(a)(4)), he was entitled to fees.  The trial court, however, refused to name a prevailing party for purposes of that statute.  The appellate court affirmed, stating "the trial court must determine who is the prevailing party, and that . . . court's ruling should be affirmed on appeal absent an abuse of discretion."  <u>Id.</u> at 1574.  The appellate court further cautioned against "adopt[ing] a rigid interpretation of the term 'prevailing party' and, instead, [urged trial courts to] analyze[] which party had prevailed on a practical level."  <u>Id.</u>

In this case, FonJax has not prevailed in any sense of its legal imagination on a 'practical level' because there has been no adjudication of the underlying merits of Co-Investor's SPA breach of contract claim.  The only thing determined by the Court is that Co-Investor is not entitled to an injunction to prevent disgorgement of the proceeds of the Keynote Systems, Inc. acquisition.  (<u>See</u> August 3, 2009 Order Denying Ex-Parte Motion for Preliminary Injunction, Civil Docket Sheet Entry No. 50, Levy Dec. Ex. B).

As originally enacted, Cal. Civ. Code § 1717 defined the "prevailing party" as the party in whose favor final judgment was rendered.  The 1981 Legislature changed the definition of "prevailing party" such that except for the situations set out in subdivision (b)(2) of the section, the "prevailing party" is the party entitled to costs.  The amendment appears to be a direct legislative response to <u>Samuels v. Sabih</u>, 62 Cal.App.3d 335, 340 (2d Dist.1976), which held a dismissal for want of prosecution was not a final judgment within the meaning of § 1717 (<u>see</u> <u>Nasser v. Superior Court</u>, 156 Cal.App.3d 52, 58 (4th Dist. 1984)).  Despite the amendment, the statute still requires that there be some final disposition of the rights of the parties.  <u>Lachkar v. Lachkar</u>, 182 Cal. App. 3d 641, 649 (2d Dist. 1986).  As explained in <u>Bank of Idaho v. Pine Ave. Assocs.</u>, 137 Cal.App.3d 5, 15-16 (2d Dist. 1982), the 1981 amendment to § 1717 *"did not revise the requirement that in order to be entitled to a fee award, one must be 'the prevailing party.'  Nor*

*does the change in the definition of 'the prevailing party' suggest that there may be more than one prevailing side ultimately in a given lawsuit. The language authorizing determination of who is the prevailing party 'whether or not the suit proceeds to final judgment . . . does not imply that the suit need not be finally disposed of.  It appears to be directed to overruling* <u>Samuels v. Sabih</u> *. . . By providing that 'the prevailing party shall be the party who is entitled to recover costs of suit' . . . the requirement that there be some reckoning of the net success of the respective parties is preserved. That net success, of course, cannot be ascertained until the final termination of the suit."*

Under § 1717, the "prevailing party" determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded or failed to succeed in its contentions."  <u>Hsu v. Abbara</u>, 9 Cal.4th 863, 876 (1995).  A lawsuit in which a party's "litigation success is not fairly disputable" can claim attorneys' fees as a matter of right.  <u>Id.</u> at 876.  But when the litigation ends prematurely before any party can claim it prevailed, a trial court retains discretion to determine that there is no prevailing party under § 1717.  <u>Id.</u> at 875.  "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees."  <u>Scott Co. v. Blount, Inc.</u>, 20 Cal.4th 1103, 1109 (1999).  Often, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a small part of the relief sought.  In other words, the judgment is "considered good news and bad news as to each of the parties . . ."  <u>Nasser v. Superior Court</u> 156 Cal.App.3d at 60.

In this case, FonJax cannot be considered a "prevailing party" for purposes of SPA § 8.13 because the Court has made no dispositive finding as to the merits of the Complaint; any discussion of the merits of the case in the decision resulting from Co-Investor's preliminary injunction application was based upon whether Co-Investor was entitled to prevent FonJax from disgorging the Keynote Systems, Inc. sale proceeds.

In addition, not even FonJax believes it is entitled to attorneys' fees or costs because FonJax failed to move for attorneys' fees pursuant to Local Rule 54-5(a) after the Order Denying Co-Investor's Preliminary Injunction Motion was entered.  That is, FonJax has made no claim for such affirmative relief.  That is probably because FonJax has not prevailed on any relief it has sought in this case because FonJax has not asserted any claims for relief.  To the contrary, the only relief sought by FonJax in this litigation was for a Rule 12(b)(6) dismissal of the Complaint, which relief was rejected by the Court.  (See September 22, 2008 Order Denying FonJax's Motion to Dismiss, Civil Docket Sheet No. 21, Levy Dec. Ex. B).  FonJax has not obtained any money judgment against Co-Investor based on the SPA and has not been successful on any affirmative claims under the contract.  See Kachlon v. Markowitz, 168 Cal.App.4th 316, 349 (2d Dist. 2008) ("Under section 1717, 'the court is given wide discretion in determining which party has prevailed on its cause(s) of action.').

The only party to have prevailed on anything so far is Co-Investor, having survived FonJax's dismissal motion.  (See Civil Docket Sheet Entry 21, Levy Dec. Ex. B).  The fact that Co-Investor's injunction application was denied by the Court is not material to whether FonJax is a "prevailing party" under Cal. Civ. Code § 1717 with regard to enforcement or interpretation of the SPA as required by SPA § 8.13.  Neither Co-Investor nor FonJax is a "prevailing party" under a challenge to the interpretation of the SPA until the underlying litigation is complete and there is an adjudication on the merits.  Indeed, under § 1717(b)(2), there is no prevailing party on the merits when a complaint is voluntarily dismissed.  FonJax's idea to demand attorneys' fees only surfaced in opposition to Co-Investor's Rule 41 Cross-Motion to Dismiss the lawsuit.

This is further evidenced by the fact that the denial of a preliminary injunction is not a dispositive ruling on the merits because at that stage, a court is called upon to assess the probability of a party's ultimate success on the merits, not whether the party has proven the elements of its complaint.  See Ashcroft v. American Civil Liberties Union, 542 U.S. 656, 666 (2004); Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975).  "The foundation for that assessment will be more or less secure depending on the thoroughness of the exploration undertaken by the parties and the court. In some cases, the proceedings prior to a grant of temporary relief are

searching; in others, little time and resources are spent on the threshold contest." <u>Sole v. Wyner</u>, 551 U.S. 74, 84 (2007). Indeed, in the Ninth Circuit, "a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial." <u>In re National Sec. Agency Tele. Records Litig.</u>, MDL No. 06-1791, 2007 U.S. Dist. LEXIS 14473, at *46 (N.D. Cal. Feb. 20, 2007).

In addition, there has been no adjudication on the merits of Co-Investor's breach of contract claims, as a dismissal without prejudice does not prevent Co-Investor from seeking the same SPA relief in state court. <u>N.R. v. San Ramon Valley Unified School Dist.</u>, No. C 05-0441, 2006 U.S. Dist LEXIS 47287 at *7 (N.D. Cal. July 6, 2006) (defendant not prevailing party in dismissal motion).

There can be no dispute that § 1717(b)(2) expressly provides that a court may "determine that there is no party prevailing on the contract for purposes of this section." <u>McLarand, Vasquez & Partners, Inc. v. Downey Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1450, 1456 (4th Dist. 1991). Even if a party receives a money judgment in its favor, the party is not, as a matter of law, entitled to a determination that it is the prevailing party under § 1717, although such a party is by statute the "prevailing party" for purposes of recovering costs of suit. <u>Public Employ. Retire. Serv. v. Winston</u>, 209 Cal. App. 3d 205, 211 (1st Dist. 1989).

In <u>Ford Motor Credit Co. v. Hunsberger</u>, 163 Cal. App. 4th 1526 (4th Dist. 2008), the trial court in an auto lease dispute that was dismissed by the lessor after it lost a summary judgment motion, concluded the defendant was not the prevailing party because Ford Credit voluntarily dismissed its only cause of action against him. The court commented that the purpose of § 1717(b)(2) was to encourage parties to dismiss litigation, thereby avoiding liability for attorney fees based on a contract cause of action. <u>Id.</u> at 1532.

In <u>Santisas v. Goodin</u>, 17 Cal. 4th 599 (1998), the plaintiffs, who were buyers of a residence, sued the sellers under a real estate purchase agreement with an attorney fee clause. When the buyers dismissed their action with prejudice before trial, the sellers sought to recover their fees under the agreement. The Supreme Court held that § 1717(b)(2) barred the recovery of attorney fees on the contract claim. <u>Id.</u> at 617. See <u>Hsu v. Abbara</u>, 9 Cal. 4th at 875 (party

1   receiving only part of relief sought not a prevailing party); <u>accord</u> <u>Scott Co. v. Blount, Inc.</u>, 20

2   Cal. 4th at 1109; <u>see</u> also <u>Hilltop Invest. Assocs. v. Leon</u>, 28 Cal. App. 4th 462, 468 (2d Dist.

3   1994) (fees properly denied where result is 'good news and bad news' to each party).

4   **C.    <u>Dismissal Pursuant to Rule 41(a)(2) Is Warranted</u>**

5       A dismissal without prejudice pursuant to Rule 41(a)(2) returns the parties to their mutual

6   positions had the lawsuit never been brought, a result in this case that is warranted by notions of

7   judicial economy and the request of the Plaintiff.  <u>In re Corey</u>, 892 F.2d 829, 835 (9th Cir. 1989)

8   (citation omitted).   Contrary to FonJax's view, the Court in granting Co-Investor's request for

9   dismissal under Rule 41(a)(2) does not have to award attorney's fees or costs.   As previously

10  briefed, in <u>Stevedoring Servs. of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989), the

11  Court held:

12      *Although costs and attorney fees are often imposed upon a plaintiff who is granted*
        *a voluntary dismissal under Fed.R.Civ.P. 41(a)(2), no circuit court has held that*
13      *payment of the defendant's costs and attorney fees is a prerequisite to an order*
        *granting voluntary dismissal. . . . We hold that the district court did not*
14      *automatically abuse its discretion by refusing to require SSA to pay Armilla's costs*
        *and attorney fees as a condition precedent to an order granting voluntary dismissal*
15      *without prejudice under Fed.R.Civ. P. 41(a)(2).*
    <u>Id.</u>
16
        Because the rule of the Ninth Circuit is that costs incurred in defending against a lawsuit
17
    are not legal prejudice, <u>Westlands Water Dist. v. U.S.</u>, 100 F.3d 94, 97 (9th Cir. 1996), FonJax has
18
    not suffered any prejudice in this matter and a dismissal of the Complaint without the award of
19
    attorneys' fees and costs is warranted.
20
        The Court should dismiss the Complaint without prejudice under Rule 41(a)(2) or dismiss
21
    the Complaint with prejudice under Rule 41(a)(2) without the imposition of attorneys' fees and
22
    costs.  FonJax cannot claim that is has suffered any harm because discovery just started, and
23
    FonJax is the party which brought and lost a dismissal motion, and then consented to a TRO
24
    before the Court denied Co-Investor's application for an injunction.  Thus, the overwhelming bulk
25
    of any fees incurred by FonJax are self-inflicted in this matter, and discovery has just started.
26
    <u>Phillips v. Illinois Central Gulf R.R.</u>, 874 F.2d 984, 986 (5th Cir. 1989) (legal prejudice requires
27
    harm to legal interest or claim).
28

8

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION TO DISMISS THE LAWSUIT
PURSUANT TO FRCP 41

3077.001

1   Dated: Los Angeles, California
            March 30, 2010

2

3                                         BURRIS, SCHOENBERG & WALDEN, LLP

                                              ___/s/ Laura G. Brys_____

4                                         By: Laura G. Brys
                                        Counsel for Plaintiff CO-INVESTOR AG

5                                         12121 Wilshire Boulevard
                                        Suite 800

6                                         Los Angeles, CA 90025
                                        (310) 442-5559

7

8                                         Samuel D. Levy
                                        WUERSCH & GERING LLP
                                        Co-Counsel for Plaintiff CO-INVESTOR AG

9                                         100 Wall Street, 21st Floor
                                        New York, New York 10005

10                                       212-509-5050

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CROSS-MOTION TO DISMISS THE LAWSUIT
PURSUANT TO FRCP 41

3077.001