1
2
3
4
5
6                     UNITED STATES DISTRICT COURT
7           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                          OAKLAND DIVISION
9

CO-INVESTOR, AG,                      Case No:  C 08-1812 SBA

          Plaintiff,                  **ORDER GRANTING PLAINTIFF'S
                                      CROSS-MOTION TO
     vs.                              VOLUNTARILY DISMISS ACTION
                                      AND DENYING PROPOSED
FONJAX, INC.,                         INTERVENORS' MOTION TO
                                      INTERVENE AS MOOT
          Defendant.
                                      Docket 61 and 71

          The instant diversity action arises from a stock purchase dispute between Plaintiff Co-

Investor, AG ("Co-Investor") and Defendant FonJax, Inc. ("FonJax").  The parties are

presently before the Court on (1) a Motion to Intervene Pursuant to FRCP 24 by Mark Moore,

Robin Maloney and Geoff Zawolow and (2) Co-Investor's Cross-Motion to Dismiss its

Lawsuit Pursuant to FRCP Rule 41.  Having read and considered the papers filed in connection

with these matters, and being fully informed, the Court GRANTS Co-Investor's cross-motion

to voluntarily dismiss the action and DENIES the motion to intervene as moot.  The Court, in

its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P.

78(b).

I.    **BACKGROUND**

      A.    **FACTUAL SUMMARY**

          The parties are familiar with the facts of this case, which only will be summarized

briefly herein.  On November 30, 2006, Co-Investor and FonJax entered into a Stock Purchase

Agreement ("SPA") for the purchase of 1,485,147 shares of FonJax Series A Preferred Stock ("Preferred Stock") for $1.5 million. Co-Investor agreed to complete its investment in three rounds (referred to as "tranches"). Subsequently, the parties entered into an Amendment to Series A Preferred Stock Purchase Agreement, which redefined the obligations for closing the third tranche. Co-Investor was late in its payments with respect to the third tranche, which resulted in FonJax converting all of Co-Investor's Preferred Stock to common stock, thereby causing a significant dilution of Co-Investor's investment.

**B.  PROCEDURAL HISTORY**

On April 4, 2008, Co-Investor filed a Complaint against FonJax in order to preserve its position as a Series A Preferred Shareholder in the company. The complaint alleges six causes of action for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) declaratory judgment; (5) promissory estoppel; and (6) unjust enrichment. In response to the complaint, FonJax filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On September 22, 2008, the Court denied the motion except as to the promissory estoppel claim, which the Court dismissed with leave to amend. Docket 21.

In the meantime, during the pendency of the motion to dismiss, FonJax sold almost all of its assets to Keynote Systems, Inc. ("Keynote") for approximately $2.5 million. As a result of the sale, Co-Investor became concerned that if FonJax were allowed to distribute the proceeds of the sale to its shareholders, FonJax would become an empty shell with no assets or ability to satisfy a potential judgment in this action. As a result, Co-Investor filed a motion for preliminary injunction to enjoin FonJax from distributing approximately $1.2 million of the Keynote sale proceeds, which corresponded to Co-Investor's share of the proceeds had FonJax not converted its Series A Preferred Shares into common stock.[1] In a written decision filed on August 3, 2009, the Court denied Co-Investor's motion on the ground that it had "failed to

---

[1] The parties stipulated to the entry of a temporary restraining order.

establish a likelihood of success on its claims for breach of contract or breach of the implied covenant of good faith and fair dealing." Docket 50 at 13.

As noted, the Court's order of September 22, 2008, on the motion to dismiss granted Co-Investor leave to amend its claim for promissory estoppel within twenty days of the Order. Co-Investor never amended its complaint, thus obligating FonJax to have filed its responsive pleading and any counterclaims no later than ten days from the date that the amended complaint was due. See Fed.R.Civ.P. 12(a)(4)(A). However, FonJax neglected to file its answer and counterclaim until over a year later on October 23, 2009. On December 10, 2009, FonJax filed an amended counterclaim, which alleges a single claim for declaratory relief. Docket 58.

### C.    MOTIONS PRESENTLY BEFORE THE COURT

On December 18, 2009, Mark Moore, Robin Maloney and Geoff Zawalkow (collectively, "Directors"), current and former directors of FonJax, filed the present motion to intervene in this action to seek declaratory relief. Although this lawsuit has been pending for close to two years, Directors allege that they are only now seeking to intervene based on alleged "threats" by Co-Investor to sue Directors in Delaware (where FonJax is incorporated) based on their conduct relating to the SPA.

Co-Investor has filed an opposition to Directors' motion to intervene and a cross-motion to voluntarily dismiss the action under Rule 41(a)(1). Co-Investor requests that such dismissal be entered without prejudice, or alternatively, with prejudice to avoid the payment of fees and costs to FonJax. Presumably recognizing that the motion to intervene is moot in light of Co-Investor's intention to dismiss the action, Directors failed to file a reply in support of their motion. FonJax, however, filed a "Response" to Co-Investor's cross-motion, stating that it does not oppose dismissal without prejudice, provided that Co-Investor pay its attorneys' fees

in this action.[2]  FonJax claims that Co-Investor's voluntarily dismissal of its claims, as well as the Court's prior ruling on the motion for preliminary injunction, demonstrate that FonJax is the prevailing party in this action, and therefore, it is entitled to recover its fees and costs under the attorneys' fee provision contained in the SPA.

Because Co-Investor's proposed dismissal is potentially dispositive of all pending matters, the Court addresses Co-Investor's cross-motion first.

## II.     LEGAL STANDARD

Rule 41(a)(2) provides that: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . . ."  Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986).  However, the "broad grant" of such discretion "does not contain a preference for one kind of dismissal or another."  Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002).[3]

---

[2] FonJax's Response articulates inconsistent positions regarding this condition.   FonJax states initially that opposes Co-Investor's motion to dismiss "unless it is granted either with prejudice or without prejudice but subject to certain conditions."  Def.'s Resp. at 1.  FonJax then specifies that "if the motion to dismiss is to be granted without prejudice, the dismissal should be conditioned upon payment of FonJax's attorneys' fees."  Id.  Later in its response, FonJax contradicts itself, and argues that "even if the Co-Investor complaint is dismissed with prejudice, the dismissal should still be conditioned upon payment of FonJax's attorneys' fees." Id. at 4.

[3] Where the request is to dismiss without prejudice, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

# III.   DISCUSSION

## A.   ATTORNEYS' FEES

The central question presented is whether the Court should require Co-Investor to reimburse FonJax for attorneys' fees and costs incurred in defending this action as a condition for allowing Co-Investor to voluntarily dismiss its claims.  "Rule 41(a)(2) exists chiefly for the defendant's protection."  Schwarzer, Tashima & Wagstaffe, Fed.Civ.P. Before Trial, § 16.357 at 16-149 (TRG 2008).  To that end, the court has the discretion to condition a dismissal *without prejudice* upon the payment of "appropriate costs and attorney fees."  Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  The payment of fees, however, is not a prerequisite to a Rule 41(a) dismissal.  See Stevedoring Servs. of Am. v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989) ("no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal.").

In contrast, when the request presented is for a dismissal *with prejudice*, federal courts have concluded that the payment of fees and costs may not be imposed as a condition for dismissal.  See Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) ("Since the . . . cause of action has been dismissed with prejudice, costs and attorney fees cannot be awarded to Defendants because there is no future risk of litigation"); see also Gonzalez v. Proctor and Gamble Co., 2008 WL 612746 at *3 (S.D. Cal., March 4, 2008) ("A plaintiff faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment."); Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006) ("if the dismissal is with prejudice, attorney fees may be imposed under Rule 41(a)(2) only in 'exceptional circumstances.'").  Here, Co-Investor is amenable to dismissing its claims against FonJax with prejudice.  Since no exceptional circumstances are presented, the Court finds that Co-Investor cannot be required to pay FonJax's attorneys' fees as a prerequisite to dismissing this action.

FonJax asserts that even if the dismissal is *with* prejudice, a fee award is mandatory on the ground that it is the "prevailing party" within the meaning of the SPA.  Def.'s Resp. at 4-5. Section 8.13(a) of the SPA provides as follows:

1
2
3
4

> 8.13 **Attorney Fees.** Notwithstanding any other provision herein, if any action at law or in equity is necessary to enforce or interpret the terms of this Agreement or the exhibits thereto, the prevailing party shall be entitled to reasonable attorneys' fees, costs and disbursements in addition to any other relief to which such party may be entitled.

5   Levy Decl. Ex. A at 19 (Docket 67). Though "prevailing party" is not defined in the SPA,

6   FonJax contends that its status as a prevailing party is established by Co-Investor's voluntary

7   dismissal of its claims. In particular, FonJax relies on California Code of Civil Procedure

8   section 1032, which defines a "prevailing party" to include, inter alia, "a defendant in whose

9   favor a dismissal is entered . . . ." Seizing upon the reference to "dismissal," FonJax argues

10  that "[i]f Co-Investor's motion to dismiss its own complaint is granted, FonJax will be a

11  'prevailing party' in this matter pursuant to C.C.P. § 1032." Def.'s Resp. at 2.

12          FonJax's reliance on section 1032 is misplaced. That code section defines "prevailing

13  party" solely for the purposes of determining when a party is entitled to recover to *costs* under

14  California Code of Civil Procedure section 1033.5. See Goodman v. Lozano, 47 Cal.4th 1327,

15  1333 (2010). Attorneys' fees are not "costs" under section 1033.5 unless an award of fees is

16  authorized by contract, statute or law. Cal.Code Civ.P. § 1033.5(a)(10). Where a fee request is

17  sought pursuant to a contract, such request is governed by Civil Code section 1717. Section

18  1717(a) provides, in pertinent part, that "[i]n any action on a contract, where the contract

19  specifically provides that attorneys' fees and costs, which are incurred to enforce that contract,

20  shall be awarded either to one of the parties or to the prevailing party, then the party who is

21  determined to be *the party prevailing on the contract* . . . ." Cal.Civ.Code § 1717(a); see also

22  Gilbert v. Master Washer & Stamping Co., Inc., 87 Cal.App.4th 212, 217 (2001).[4]

23          Critically, the test for determining who is a prevailing party under section 1717 is

24  different from the test under section 1032. See Sears v. Baccaglio, 60 Cal.App.4th 1136, 1143

25  (1998) ("The definition of prevailing party under section 1717 . . . differs significantly from

26  section 1032."). For purposes of section 1717, "the party prevailing on the contract shall be the

27  ───────────────────

28  [4] The Court looks to California law regarding the recovery of attorneys' fees. See Avery v. First Resolution Mgmt. Corp., 568 F.3d 1018, 1023 (9th Cir. 2009).

party who recovered a greater relief in the action on the contract."  Cal.Civ.Code § 1717(b)(1).
But where, as here, the action is being voluntarily dismissed, there is no prevailing party, as a
matter of law.  Cal.Civ.Code § 1717(b)(2) ("Where an action has been voluntarily dismissed . .
. , *there shall be no prevailing party for purposes of this section*.") (emphasis added).  Thus,
despite FonJax's assertions to the contrary, Co-Investor's voluntary dismissal of its action does
not establish FonJax as the prevailing party in this action.  Under section 1717(b)(2), neither
Co-Investor nor FonJax is a prevailing party in this action.[5]

Equally meritless is FonJax's ancillary contention that it is the prevailing party by virtue
of the Court's denial of Co-Investor's motion for preliminary injunction.  As above, that
argument is foreclosed by operation of section 1717(b)(2).  But even if provision were
inapplicable, it is premature to declare FonJax the prevailing party in this action simply
because the Court found that Co-Investor failed to carry its burden of demonstrating that a
preliminary injunction was warranted.  C.f., Sole v. Wyner, 551 U.S. 74, 83 (2007)
("Prevailing party status, we hold, does not attend achievement of a preliminary injunction that
is reversed, dissolved, or otherwise undone by the final decision in the same case.").  While the
Court may have expressed doubts regarding the viability of Co-Investor's claims for breach of
contract and breach of the implied covenant of good faith and fair dealing, such ruling was
made on the limited record then presented.  In addition, the Court made no findings as to Co-
Investor's remaining causes of action for fraud, unjust enrichment and declaratory relief.  Thus,
the Court is not persuaded that the denial of Co-Investor's motion for preliminary injunction is
sufficient to declare FonJax the prevailing party in this action.

At bottom, the Court grants Co-Investor's motion to voluntarily dismiss its action and
dismisses Co-Investor's claims against FonJax with prejudice in accordance with Rule
41(a)(2).  The Court denies FonJax's request that the Court condition such dismissal on the

---

[5] The Court also notes that the determination of whether of whether a party should be
declared the prevailing party for purposes of section 1717 must made through a noticed motion,
which FonJax failed to do.  See Cal.Civ.Code § 1717(b)(1).  This failure provides an
independent ground for rejecting FonJax's request to require Co-Investor to pay FonJax's fees
and costs.

payment of its attorneys' fees and costs. As set forth above, Co-Investor's agreement to voluntarily dismiss its claims with prejudice is sufficient to avoid payment of FonJax's fees and costs. In addition, FonJax has no right to recover its fees and costs under the SPA, as there is no prevailing party in this action.

### B.   AMENDED COUNTERCLAIM

Co-Investor also moves to dismiss FonJax's amended counterclaim for declaratory relief on the ground that it has been rendered moot by the dismissal of the main action. Def.'s Mem. at 6. A federal court has no jurisdiction to consider a claim in the absence of an actual or live controversy. Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999) ("The twin pillars of standing and 'case or controversy' go to the heart of Article III jurisdiction. The corollary to these principles is that federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists"). Here, there is no dispute between the parties that FonJax's claim for declaratory relief is based entirely on Co-Investor's claim that FonJax breached the SPA by converting all of its Series A Preferred Stock to common stock. FonJax nevertheless asserts that its counterclaim is not moot because Co-Investor could refile its action. Def.'s Resp. at 5. However, given Co-Investor's willingness to dismiss its claims with prejudice, FonJax's purported concerns ring hollow.

FonJax also contends that the Court has "no discretion" to dismiss its Amended Counterclaim based on language in Rule 41(a)(2) which states that where a counterclaim has been served prior to the filing of a motion to voluntarily dismiss the action, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." That, of course, presupposes that a live controversy exists with respect such counterclaim. Since such a controversy no longer exists, the Court may properly dismiss FonJax's counterclaim for declaratory relief. See Schwarzer, et al., Fed.Civ.P. Before Trial, § 16.356 at 16-149 (counterclaim may be dismissed where complaint dismissed with prejudice). Accordingly, the Court dismisses FonJax's amended counterclaim, without prejudice.

**C.    MOTION TO INTERVENE**

Finally, the Court's decision above to grant Co-Investor's motion and dismiss the action with prejudice moots Directors' motion to intervene, since there no longer any action in which to intervene.  Such motion in any event would be denied as untimely given that Directors admittedly were on notice since the inception of this lawsuit, if not earlier, that their actions with respect to the SPA and Co-Investor would be scrutinized.  See United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990) ("A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.") (internal quotation marks omitted).

**IV.    <u>CONCLUSION</u>**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.    Co-Investor's Cross-Motion to Dismiss its Lawsuit Pursuant to FRCP Rule 41 (Docket 71) is GRANTED.  Each side shall bear its own fees and costs.  The instant action is dismissed in its entirety, as set forth above.

2.    The Motion to Intervene Pursuant to Intervene Pursuant to FRCP 24 by Mark Moore, Robin Maloney and Geoff Zawolow (Docket 61) is DENIED as moot.

3.    The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  March 30, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge